```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**WAXLER TRANSPORTATION COMPANY, INC.**            **CIVIL ACTION**
**and SCOTT M. PUETTMANN**
*On behalf of themselves and all other*
*persons or entities similarly situated*

**VERSUS**                                         **NO. 08-1363**

**VALSPAR CORPORATION,** *et al.*                  **SECTION "I"/5**

### ORDER AND REASONS

Before the Court is a motion to remand filed by plaintiffs, Waxler Transportation Company, Inc., and Scott Puettmann, on behalf of themselves and all other persons or entities similarly situated.[1] For the following reasons, plaintiffs' motion to remand is **GRANTED** and the above-captioned matter is **REMANDED** to the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana.

### BACKGROUND

On April 7, 2003, plaintiff, Waxler Transportation Company, Inc., ("Waxler"), on behalf of itself and others similarly situated, filed a putative class action petition against defendants, Trinity Marine Products, Inc., Trinity Industries,

---

[1] Rec. Doc. No. 9.

1

Inc.,[2] Jotun Paints, Inc., and Jotun, Inc.,[3] in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana ("25th JDC").[4]  In its petition, Waxler asserted state-law causes of action against Trinity and Jotun for negligence, breach of contract, breach of express warranties, breach of implied warranties and redhibition, fraud, fraudulent inducement, and fraudulent misrepresentation.[5]

On October 17, 2003, Waxler filed a first amended putative

---

[2] Trinity Marine Products, Inc., and Trinity Industries, Inc., shall be referred to collectively as "Trinity."

[3] Jotun Paints, Inc., and Jotun, Inc., shall be referred to collectively as "Jotun."

[4] In its original petition, Waxler defined the putative class as "all persons who received marine vessels that have had Duo-Seal applied to them ostensibly to protect against corrosion . . . ."  Rec. Doc. No. 9-5, p. 3, para. 11.  Waxler specifically excluded from the putative class:

> [A]ll directors, officers, agents and employees of Defendants; any person or entity who timely opts out of this proceeding; any person or entity who has already filed a complaint against these Defendants for the claims asserted herein; and/or any person or entity who has given a valid release of the claims asserted in this suit.

Rec. Doc No. 9-5, p. 3, para. 11.

[5] Waxler's fraudulent inducement claim only pertains to Trinity and its fraudulent misrepresentation claim only pertains to Jotun.  Rec. Doc. No. 9-5.  Waxler alleges that it, and all putative class members, purchased barges built by Trinity and coated in Duro-Seal, a sealant developed by Jotun for the purpose of preventing Microbiologically Influenced Corrosion ("MIC").  *Id*. at p. 6, para. 29.  According to Waxler, at the time Trinity sold its barges to Waxler and the putative class members, Trinity and Jotun knew or should have known that Duro-Seal was not an effective barrier against corrosion.  *Id*. para. 30.  Waxler alleges that Trinity and Jotun knew or should have known that coatings such as Duro-Seal actually accelerate corrosion in the barges' void compartments.  *Id*. para. 31.  Waxler asserts that, despite their knowledge of the ineffectiveness of Duro-Seal, Trinity and Jotun did not disclose and actively concealed from Waxler and the putative class members the link between Duro-Seal and the MIC that began appearing on the barges that Trinity sold to Waxler and the class members.  *Id*. para. 35.  Waxler claims that, in light of the fact that Trinity and Jotun deliberately or negligently failed to address the link between Duro-Seal and MIC, Duro-Seal did not perform as represented by Trinity and Jotun.  *Id*. at p. 7, para. 36.

class action petition in the same state court adding as defendants International Zinc and Coating Corporation ("IZC"), Valspar Corporation ("Valspar"), Molecular Architects, Inc., ("Molecular"), Polyset Corporation ("Polyset"), and Lee Engineering Supply Company, Inc., ("Lee").[6]  In its amended putative class action petition, Waxler, on behalf of itself and others similarly situated, asserted the same state-law causes of action against the named defendants that were asserted in Waxler's original putative class action petition.[7]

On February 16, 2006, upon receiving notice that IZC filed for bankruptcy,[8] Trinity removed Waxler's putative class action to federal court, citing federal jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 1334(e),[9] 1452(a)[10] and Rule 9027 of the Federal Rules of

---

[6]Rec. Doc. No. 9-6.

[7]Waxler's fraudulent inducement claim only pertains to Trinity and its fraudulent misrepresentation claim only pertains to Jotun, IZC, Valspar, Molecular, Polyset, and Lee.  Rec. Doc. No. 9-6, pp. 20-21.  In the first amended putative class action petition, Waxler alleges the same or similar facts that it alleged in the original putative class action petition.

[8]On February 15, 2006, IZC filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code.  Civil Action No. 06-827, Rec. Doc. No. 1, p. 2, para. I.  The Court notes that after being removed, Waxler's putative class action was consolidated with Civil Action Nos. 08-826

[9]The text of 28 U.S.C. § 1334(b) reads:

Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

The text of 28 U.S.C. § 1334(e) reads:

The district court in which a case under title 11 is commenced or is

3

Bankruptcy Procedure.[11]  After being removed, Waxler's putative class action was consolidated with several other lawsuits pending in this Court.[12]  On April 27, 2007, in response to a motion to remand filed by Waxler and plaintiffs from the other consolidated lawsuits, this Court ordered that after the dismissal of IZC's bankruptcy, all state law claims asserted by plaintiffs be remanded to state court.[13]

On February 22, 2008, Waxler filed a second amended putative class action petition in the 25th JDC adding as a named plaintiff,

---

pending shall have exclusive jurisdiction –
(1)   of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate; and
(2)   over all claims or causes of action that involve construction of Section 327 of title 11, United States Code, or rule relating to disclosure requirements under section 327.

[10]The text of 28 U.S.C. § 1452(a) reads:

A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

[11]Civil Action No. 06-826, Rec. Doc. No. 1, p. 1.  Rule 9027 of the Federal Rules of Bankruptcy governs the procedure for removing a bankruptcy matter to federal court.

[12]Waxler's putative class action was consolidated with Civil Action Nos. 06-826; 06-1281; 06-1282; 06-9447.

[13]Civil Action No. 06-827, Rec. Doc. No. 161, p. 8.  The Court exercised its discretion to remand plaintiffs' state law claims only after conducting a thorough analysis and considering the factors articulated in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353, 108 S.Ct. 614, 620, 98 L.Ed.2d 720 (1988).

Scott M. Puettmann ("Puettmann").[14] In the second amended putative class action petition, Waxler and Puettmann, on behalf of themselves and others similarly situated, assert state law causes of action against Jotun, Valspar, Polyset, and Lee for negligence, negligent misrepresentation, breach of express warranty, breach of implied warranties and redhibition, fraud, and fraudulent misrepresentation.[15]

On March 20, 2008, based on the allegations set forth in the second amended putative class action petition, Valspar removed Waxler's and Puettmann's (collectively "plaintiffs") putative class action to federal court, citing jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). On April 11, 2008, Waxler and Puettmann filed this motion to remand arguing that CAFA is an improper basis for jurisdiction in this case because the second putative class action petition relates back to Waxler's original and first amended putative class action petitions, both of which were filed prior to CAFA's enactment.[16]

---

[14] Prior to being added as a plaintiff in Waxler's putative class action, Puettmann filed a separate lawsuit asserting the same or similar claims that were asserted in the original and first amended putative class action petitions. Rec. Doc. No. 9-2, p. 5.

[15] Rec. Doc. No. 9-7, pp. 12-18. In the second amended putative class action petition, Waxler and Puettmann allege the same or similar facts that were alleged in the original and first amended putative class action petitions. The Court notes that prior to filing the second amended putative class action petition, the putative class was certified as a settlement class as to Trinity and the class' claims against Trinity were dismissed. Rec. Doc. No. 9-7, pp. 3-4, para. 14. The Court also notes that Waxler and Puettmann did not named IZC as a defendant in the second amended putative class action petition.

[16] Rec. Doc. No. 9.

Waxler and Puettmann alternatively argue that the above-captioned matter should be remanded because Valspar waived its right to removal by (1) failing to timely file its notice of removal and (2) participating in state court proceedings.

## LAW AND ANALYSIS

### I.    STANDARDS OF LAW

#### A.    MOTIONS TO REMAND AND CAFA

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441 (a).[17]  CAFA[18] conveys original federal jurisdiction

---

[17]The text of 28 U.S.C. § 1441(a) reads:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

[18]CAFA, which is codified at 28 U.S.C. § 1332(d), provides, in pertinent part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -
> (A)   any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B)   any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C)   any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. 1332(d)(2).
     CAFA does not confer subject matter jurisdiction on federal courts when "the number of members of all proposed plaintiff classes in the aggregate is less than 100."  28 U.S.C. § 1332(d)(5)(B).
     The term "class," as defined by CAFA, "means all of the class members in

over class actions when: (1) the aggregate value of the claims exceeds $5,000,000.00; (2) there are at least 100 class members; and (3) there is minimal diversity, that is, where at least one plaintiff and one defendant are from different states. *See Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 548 F.Supp.2d 268, 271-72 (E.D. La. 2008) (Africk, J.); *see also Phillips v. Severn Trent Environmental Services, Inc.*, 2007 WL 2757131, at *1 (E.D. La. Sept. 19, 2007) (Feldman, J.).  When challenged by a plaintiff seeking remand, the removing party bears the burden of showing that federal jurisdiction exists pursuant to CAFA. *Phillips*, 2007 WL 2757131, at *1.

CAFA only applies to civil actions that were commenced on or after its date of enactment, February 18, 2005. *Braud v. Transport Serv. Co. of Illinois*, 445 F.3d 801, 803 (5th Cir. 2006); *Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 739 (5th Cir. 2006).  In order to determine whether a civil action was commenced for purposes of CAFA, courts must apply state law.  *Braud*, 445 F.3d at 803.

Pursuant to Louisiana law,[19] a civil action is commenced by filing a pleading in a court of competent jurisdiction demanding

---

a class action . . . ." 28 U.S.C. § 1332(d)(1)(A).  The term "class action," as defined by CAFA, "means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action . . . ." 28 U.S.C. § 1332(d)(1)(B).  The term "class members," as defined by CAFA, "means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

[19]It is undisputed that Louisiana law determines the commencement date of the above-captioned matter.

the enforcement of a legal right. La. Code Civ. P. Ann. Art. 421.[20] Once a civil action has been commenced, a party may amend its action or defense subject to certain limitations set forth in Article 1151 of the Louisiana Code of Civil Procedure.[21] "When an action or defense asserted in [an] amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." La. Code Civ. P. Ann. art. 1153.

## II.  DISCUSSION

### A.  WAIVER OF THE RIGHT TO REMOVAL

"[W]aiver is 'the intentional relinquishment or abandonment of a known right.'" *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 n. 15 (5th Cir. 2003) (quoting *In re Al Copeland Enters., Inc.*, 153 F.3d 268, 271 (5th Cir. 1998)). "A waiver of the right to remove

---

[20] The text of La. Code Civ. P. Ann. art. 421 reads:

A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Amicable demand is not a condition precedent to a civil action, unless specifically required by law.

[21] The text of La. Code Civ. P. Ann. art. 1151 reads:

   A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be only by leave of court or by written consent of the adverse party.
   A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001.

must be clear and unequivocal . . . ." *Id.* at p. 428; *Channey v. Home Depot, USA, Inc.*, 1999 WL 649633, at *4 (E.D. La. Aug. 24, 1999).

"[T]he right to removal is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford*, 327 F.3d at 428. However, "[i]f a party has 'experimented' with the state forum and only after such experimentation chooses the federal forum as a better option, the party has waived the right to removal." *Channey*, 1999 WL at *4 (citing *Carpenter v. Illinois Central Gulf R.R. Co.*, 524 F.Supp. 249, 451 (M.D. La. 1991)). "Whether the state court defendant ha[s] waived his right to remove based on 'active participation must be made on a case-by-case basis.'" *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, 365 F.3d 1244, 1246 (11th Cir. 2004) (quoting *Hill v. State Farm Mut. Auto. Ins. Co.*, 72 F.Supp.2d 1353, 1354 (M.D. Fla. 1999)).

Plaintiffs assert that Valspar waived its right to remove the above-captioned matter by substantially participating in state court proceedings prior to removal.[22] Plaintiffs argue that, in light of the fact that the above-captioned matter was originally filed in state court and that it has been pending there for almost five years, it would be unfair to require plaintiffs to pursue

---

[22] Rec. Doc. No. 9-2, pp. 10-12.

their causes of action in a forum not of their choosing.[23]

Valspar claims that, to this point, it has neither filed answers to plaintiffs' putative class action petitions, nor engaged in discovery, in state court.[24] Valspar argues that its participation in state court proceedings has been limited to the filing of an exception of improper venue in 2003, which was decided by the state court in 2007,[25] and the filing of an exception of prescription on February 4, 2008, which has yet to be decided.[26] Accordingly, Valspar argues that its participation in state court has not been so substantial as to constitute a waiver of its right to removal.[27]

---

[23]*Id*. at p. 12.  In their memorandum in support of this motion, plaintiffs rely on the U.S. Fifth Circuit's decision in *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986), for the proposition that Valspar waived its right to removal by participating in state court proceedings for almost five years.  *Id*. at p. 11.  At least one court has held that *Brown* "does not stand for the proposition that participation in . . . litigation in state court constitutes a waiver."  *Stefanias v. Certain Underwriters at Lloyd's London*, 2007 WL 1484048, at *4 (E.D. La. May 21, 2007).  That court explained that the Fifth Circuit's determination that the defendants in *Brown* waived their right to removal "was based on the **inaction** of the original diverse defendants who had defended [plaintiff's] case in state court for four years."  *Id*. (emphasis added).  The Fifth Circuit in *Brown* rejected the "equitable" approach taken by the trial court.

[24]Rec. Doc. No. 21, pp. 16-17.

[25]Valspar alleges that after its exception of improper venue was decided in 2007, Valspar exhausted its appellate remedies by January, 2008.  Rec. Doc. No. 21, p. 16.

[26]The Court notes that in its memorandum in opposition to this motion, Valspar states that its exception of prescription was argued before the state court in April 2008.  Rec. Doc. No. 21, p. 16.  Valspar asserts that at the hearing on its exception of prescription, plaintiffs requested that the court "hold the motion open" and reset the hearing after the Waxler plaintiffs had been deposed.  *Id*.  According to Valspar, neither Waxler nor Puettmann have ever been deposed.  *Id*. at pp. 16-17.

[27]Rec. Doc. No. 21, pp. 16-17.

Valspar's argument notwithstanding, "[t]he exception of prescription is a peremptory exception, the function of which is to declare the plaintiff's action legally non-exist[e]nt or barred by effect of law, and consequently, it tends to dismiss or defeat the action." *Rousseau v. Employers Mut. Of Wausau*, 493 So. 2d 121, 123-24 (La. App. 5 Cir. 1986); see La. Code Civ. P. Ann. art. 923.[28] "[A] judgment sustaining an exception of prescription is not a mere interlocutory judgment deciding preliminary matters, but a final judgment **on the merits** that terminates the action with prejudice." *Sours v. Kneipp*, 923 So. 2d 981, 984 (La. App. 2 Cir. 2006) (emphasis added); *Rousseau*, 493 So. 2d at 124.

By filing an exception of prescription prior to removing the above-captioned matter, Valspar sought to adjudicate the above-captioned matter on the merits in state court and, in so doing, it availed itself of the state court's jurisdiction. Therefore, Valspar's participation in state court, though limited, was sufficient to waive Valspar's right to removal.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED** and that the above-captioned matter be **REMANDED** to the 25th Judicial

---

[28] Article 923 provides, in pertinent part, "[t]he function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action."

11

District Court for the Parish of Plaquemines, State of Louisiana.[29]

New Orleans, Louisiana, August 5, 2008.

```
                                 _____
                                      LANCE M. AFRICK
                              UNITED STATES DISTRICT JUDGE
```

---

[29] Considering its findings herein, the Court need not determine (1) whether CAFA is an improper basis for jurisdiction in this case or (2) whether Valspar waived its right to removal by failing to timely file a notice of removal.